Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the
SOUTHERN District of GEORGIA
~~Southern~~ EASTERN Division

Case No. CV423-371
*(to be filled in by the Clerk's Office)*

Nash N. Tatem

Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Denise L Cooper,
City of Savannah

Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Nash M. Tuten
   Address: 1074 Carl Griffin Drive
   Savannah, Georgia 31405
   City / State / Zip Code
   County: Chatham County
   Telephone Number:
   E-Mail Address:

   B.  **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant No. 1
   Name: Agent Justin Crause, "6300s"
   Job or Title (if known): Law Enforcement. Detective
   Address: 6600 Abercorn
   Savannah, Georgia 31401
   City / State / Zip Code
   County: Chatham County
   Telephone Number: 912-651-6675
   E-Mail Address (if known):

   ☐ Individual capacity    ☒ Official capacity

   Defendant No. 2
   Name: Agent Harris Odell
   Job or Title (if known): Tribunal Officer Magistrate
   Address: 133 Montgomery Street
   Savannah, Georgia 31401
   City / State / Zip Code
   County: Chatham County
   Telephone Number: 912-652-7200
   E-Mail Address (if known):

   ☐ Individual capacity    ☒ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3
Name: Grand Jury Bailiff Sheriff
Job or Title (if known): Grand Jury Bailiff. SEE DISMISSAL
Address: Chatham County Court House
City: Savannah  State: Georgia  Zip Code: 31401
County: Chatham County
Telephone Number: 912-652-7200
E-Mail Address (if known):

☐ Individual capacity  ☑ Official capacity

Defendant No. 4
Name: City of Savannah, Phase
Job or Title (if known): Review Claims.
Address:
City:  State:  Zip Code:
County:
Telephone Number:
E-Mail Address (if known):

☐ Individual capacity  ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

4th Amendment. Issuing warrants without probable cause. 5th Amendment, Depriving of Due Process of law. 14th Amendment, Being Denied Equal Protection under the Law.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials? 4th Amendment, 5th Amendment, 6th Amendment, 8th Amendment, 14th Amendment.

Page 3 of 6

    D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. Please Review Case Summary. Documents.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

    A.    Where did the events giving rise to your claim(s) occur? Please Review Case summary "Documents"

    B.    What date and approximate time did the events giving rise to your claim(s) occur? Documents Please Review!

    C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* Please Review.

Agent Justin Chase Lied under Oath" Warrants.
Agent Harris O'Bell" Deprived me Due Process
Grand Jury Bailiff" made a Bad Return. Indictment.
And Warrants.
The City of Savannah, Broke my Ankle

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

### IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. Broken ankle. Mental stress, mental anguish. Please review case summary. Post-traumatic Stress Disorder. False imprisonment.

### V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. Breach of Contract - was injured sitting down a 911 call to the Chatham County dispatcher, placing a verbal request in reference to a Hispanic male banishing a firearm. The City of Savannah, Ga county's Breach their contract, by failing to comply to the scmp's policy and procedures in regards to contractual agreements in compliant to the Georgia Mutual Aids Act. By neglecting to provide emergency assistance service to the verbal request! And as a result I was injured from that breach.

$50,000,000 million dollars.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12-19-23

Signature of Plaintiff: *[signature]*

Printed Name of Plaintiff: Marsh M. Tutan

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____

City _____ State _____ Zip Code _____

Telephone Number: _____
E-mail Address: _____

*[handwritten: Brease it Page 6]*

| SCMPD GENERAL ORDER | ADMINISTRATION |
|---|---|

| GO # ADM-005 | EFFECTIVE DATE: 06/29/04 |
|---|---|
| JURISDICTION AND INTERAGENCY RELATIONS | REVISION DATE: 09/11/06 |
| | 08/20/10 |
| | 04/08/16 |
| | 04/19/17 |

**PURPOSE:**

The purpose of this General Order is to identify the jurisdictional responsibilities of the Savannah-Chatham Metropolitan Police Department (SCMPD) and to establish guidelines for the coordination of efforts between the SCMPD and other agencies.

**POLICY:**

All sworn personnel of the SCMPD will exercise the duties of law enforcement Officers within the corporate limits of the City of Savannah and unincorporated limits of Chatham County as defined, and to the extent provided, by the laws of the State of Georgia, the ordinances of the City of Savannah and Chatham County, as well as the Rules and Regulations of the SCMPD.

**PROCEDURE:**

I. **GEOGRAPHICAL BOUNDARIES [CALEA 2.1.1]**

   A. The SCMPD has *primary* police jurisdiction within the corporate limits of the City of Savannah and unincorporated areas Chatham County. The City of Savannah is the county seat of Chatham County which is generally bounded:

   1. Northward by the South Carolina State line and Effingham County.
   2. Southward by the Bear River, the Ogeechee River, and the Atlantic Ocean.
   3. Westward by Bryan County and Effingham County.
   4. Eastward by the Atlantic Ocean.
   5. Each of the six precincts will maintain maps detailing its geographical boundaries.

II. **RESPONSIBILITIES [CALEA 2.1.2]**

   A. SCMPD will exercise *primary* police jurisdiction in the City of Savannah and unincorporated Chatham County, with certain exceptions.

   1. The SCMPD will not exercise primary police jurisdiction on property of the United States federal government to include, but not be limited to, federal buildings and military installations.
   2. The SCMPD will not exercise primary police jurisdiction in the Chatham County

*SCMPD GO # ADM-005 Jurisdiction and Interagency Relations / Page 1 of 8*

Courthouse, the Chatham County Juvenile Court or the Chatham County Sheriff's Complex, which includes the Chatham County Detention Center (Jail).

B. The SCMPD will exercise *functional* police jurisdiction throughout all of Chatham County, always standing ready to assist other agencies.

C. The SCMPD will employ *concurrent* police jurisdiction:

1. In the incorporated municipalities of Bloomingdale, Garden City, Pooler, Port Wentworth, Thunderbolt, and Tybee Island. The SCMPD will yield primary jurisdiction to municipalities inside their city limits and will stand ready to offer assistance.

2. At the Savannah-Hilton Head International Airport, where the Airport Police are charged with the responsibility of the terminal areas (by agreement, the SCMPD will handle the investigation of all felony crimes that occur within the jurisdiction of the Airport).

3. On Savannah-Chatham Board of Education (SCBOE) properties. The SCMPD will exercise concurrent jurisdiction on BOE properties, with the SCBOE Police having primary jurisdiction. SCMPD will handle all traffic accidents on BOE property.

4. At the Georgia Ports, where the Georgia Port Authority Police are charged with the responsibility of the state-owned Georgia seaport areas.

5. At the Memorial Health University Medical Center (MHUMC), where the MHUMC Police are charged with the responsibility of the MHUMC areas.

6. At the Georgia Regional Hospital, where the Georgia Regional Hospital Police are charged with the responsibility of the Georgia Regional Hospital areas.

7. At Armstrong Atlantic State University (AASU), where the AASU Campus Police are charged with the responsibility of the AASU Campus areas.

8. At Savannah State University (SSU), where the SSU Campus Police are charged with the responsibility of the SSU Campus areas.

9. At Savannah Vo-Tech, where the Campus Police are charged with the responsibility of facilities located at 5711 White Bluff Road and on the 190 Crossroads Parkway only.

10. At all other State of Georgia facilities, such as the Regional Youth Detention Facility, Coastal State Prison, etc. where the Georgia Bureau of Investigation are charged with the responsibility of State of Georgia facilities areas.

D. The SCMPD will exercise primary police jurisdiction within the limits of the Town of Vernonburg in accordance with a contract with the City of Savannah for police protection services provided by the SCMPD.

## III. POLICE ACTIONS IN OTHER JURISDICTIONS IN CHATHAM COUNTY

A. SCMPD Officers who plan to take legal and authorized police actions (i.e. execute a search warrant, serve an arrest warrant, conduct a Fourth Amendment waiver search, etc.) in another jurisdiction in Chatham County, except for traffic enforcement, shall first notify the affected jurisdiction's law enforcement agency and advise of the intended action.



*[handwritten margin note: circled "OO" with arrow]*

B. A SCMPD supervisor of the rank of sergeant or above shall accompany all SCMPD officers while in another jurisdiction for any planned police action.

C. Should a separate incident arise out of the police action (i.e. disorderly conduct), the Officer(s) representing the agency with primary jurisdiction shall handle the incident. The SCMPD Officer initiating the police action is required to submit a supplemental report utilizing the primary agency's report forms and case report number upon request.

D. If an officer from the primary jurisdiction is unavailable to handle an incident, the SCMPD officer who initiated the police action shall be responsible for handling the incident to include writing the incident report.

   1. All reporting should be made using the primary agency's report forms and case report number.
   2. All warrants and court proceedings shall be handled in the Court of the jurisdiction where the incident occurred.

E. Occasional traffic enforcement in other jurisdictions in Chatham County shall be processed through the court of the jurisdiction where the incident occurred utilizing the forms for that jurisdiction's law enforcement agency.

IV. **POLICE ACTIONS IN OTHER JURISDICTIONS OUTSIDE OF CHATHAM COUNTY**

A. SCMPD Officers shall not take police action in other jurisdictions outside of Chatham County, unless the primary law enforcement agency of the jurisdiction is present during the police action or another agency such as the GBI, FBI, DEA, or other authorized agency is present and is the lead law enforcement agency for the police action.

B. A SCMPD supervisor of the rank of sergeant or above shall accompany all SCMPD Officers while in another jurisdiction for police action.

C. Should a separate incident arise out of the police action (i.e. disorderly conduct), the Officer(s) representing the agency with primary jurisdiction shall handle the incident.

D. Traffic enforcement in jurisdictions outside of Chatham County by SCMPD Officers is forbidden.

V. **MUTUAL AID**

A. Scope

   1. The Georgia Mutual Aid Act (Georgia Code § 36-69-1 through § 36-69-10) governs mutual aid in Georgia. [CALEA 2.1.3]
   2. The Georgia Mutual Aid Act may be invoked by the SCMPD during any emergency situation where there is an immediate threat to life or property, and the requesting agency has determined that it does not have sufficient resources to meet that threat in an adequate manner.
   3. Under the Georgia Mutual Aid Act, the SCMPD is committed to providing assistance to the extent that it does not endanger essential Department operations and may withdraw loaned personnel or equipment where circumstances require redeployment in areas of exclusive jurisdiction.

*[handwritten margin notes: "OO", "911 call", "Breach of Contract", "Breach of Policy", "Breach of ___", arrow to item 2: "WHERE'S YOUR EMERGENCY"]*

B. Mutual Aid Provision

1. During emergency situations within Chatham County, a patrol supervisor is authorized to provide assistance when requested by other Chatham County agencies upon the availability of personnel and equipment.

2. During emergency situations outside of Chatham County, only a division commander or above may approve requests for the use of agency personnel and/or equipment in jurisdictions outside Chatham County. This requirement does not pertain to the normal exchange of information or assistance in conjunction with official law enforcement business or for requests in response to inter-jurisdictional pursuit operations.

3. During non-emergency situations, all requests for the use of personnel and/or equipment shall be forwarded to the appropriate division commander for review.

C. Mutual Aid Requests

1. During emergency situations, a patrol supervisor is authorized to request assistance from the appropriate agency(s) within Chatham County. Requests for assistance from agencies outside Chatham County will be made by the watch commander.

2. During non-emergency situations, all requests for assistance from Chatham County agencies will be made by the appropriate division commander or designated representative in their absence.

D. Federal and State Law Enforcement Mutual Aid [CALEA 2.1.4]

1. When a state of emergency exists, the Georgia National Guard may be requested through the Chatham County Emergency Management Agency (CEMA). CEMA will forward the request through the Georgia Emergency Management Agency (GEMA), and GEMA will forward the request to the Governor's office.

2. Requests for Emergency Military Assistance will generate from the Chief of Police and in accordance with procedures established by GEMA Director found in the CEMA Manual.

3. The SCMPD may request emergency assistance from a federal law enforcement agency where a federal crime is involved, or when the emergency site is an area in which the federal and requesting agencies share concurrent jurisdiction.

VI. COOPERATION WITH OTHER AGENCIES

A. The SCMPD will cooperate and work closely with other public service providers in providing law enforcement and public safety to our community. Either through liaisons or mutual aid, members of the SCMPD will display an atmosphere of helping and seeking help when needed.

B. The following are guidelines for the coordination of efforts between Savannah-Chatham Metropolitan Police Department (SCMPD) and other agencies.

1. Traffic Engineering

   a. *Complaints and Suggestions* [CALEA 61.3.1a]

    (1) The Traffic Unit will maintain a liaison with and coordinate activities with the City of Savannah and Chatham County Traffic Engineer on a continual basis.

    (2) When a citizen reports a complaint involving a traffic engineering problem, the receiving officer or communications officer will ensure the information is forwarded to the appropriate traffic engineering department.

    (3) An Officer may be sent to the scene of the problem to determine if the complaint is justified. If the complaint is founded, a call will be made to the proper department with time, date, location, and receiver of the complaint logged.

    (4) Traffic engineering problems which require immediate attention, such as defective traffic signals, will be logged by date and time by the communications officer, and immediately referred to the traffic engineer for action.

    (5) Police officers will be responsible for notifying a traffic engineer of any traffic related hazard to include non-functioning traffic control devices or situations that they encounter which are potentially dangerous to the general public.

  b. *Studies and Surveys*  [CALEA 61.3.1b]

    (1) The Traffic Unit Commander will request the assistance of a Traffic Engineer when a survey or a study of a particular problem is needed.

2. Court Liaison

  a. The SCMPD will maintain a Court Liaison Program.

  b. The Court Liaison Supervisor shall:

    (1) Maintain an analysis of persons arrested by the SCMPD.

    (2) Work closely with the Courts and Judicial staff to facilitate the expeditious movement of cases.

    (3) Be a point of contact for the Courts for Officers who are absent from Court.

    (4) Report the Office of Professional Standards within twenty-four hours any officer who fails to appear in court.

    (5) Assist the Finance Department in reconciling bills for the incarceration of prisoners. Ensure that Officers who are in Court present a professional image in both appearance and testimony and report any violations to the officer's commanding officer.

3. Chatham Emergency Management Agency (CEMA)

  a. The SCMPD Special Operations Division Commander will maintain a list of liaisons to CEMA who will coordinate the Department's response to emergency situations with CEMA.

b. During a state of Emergency the CEMA Liaisons will be assigned to appropriate shifts at the CEMA command POST.

4. Federal Law Enforcement Agencies

   a. The SCMPD will maintain a relationship with Federal Law Enforcement Agencies for the purpose of combating criminal activity and sharing information.

   b. As needed, Officers will be assigned to work as a Liaison with the Federal Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and the Federal Drug Enforcement Administration (DEA) and the United States Marshal Service.

## VII. CONTRACTUAL AGREEMENTS

A. It is not the practice of the SCMPD to enter into contractual agreements for law enforcement services. In compliance with the Georgia Mutual Aid Act, the SCMPD stands ready and willing to provide emergency law enforcement services to any public safety agency requesting assistance. In the event circumstances of a non-emergency nature present a need for the provision of law enforcement services by the SCMPD, a contractual agreement will be required and entered into as specified in this General Order.

*[handwritten margin note: Breach of (duty) / Failure to Train]*

B. Contractual agreements have the approval of the Chief of Police and the City Manager.

   1. In the event that such a contract is considered, any contractual law enforcement service will be based on an assessment of the recipient's needs. This evaluation may be in a report format or as simple as a verbal request. The final recommendation to the City Manager rests with the Chief of Police.

   2. It is not the intent of the SCMPD to enter into numerous service agreements. If the Department does enter into a contract, an agreement will be governed by the following requirements. [CALEA 3.1.1]

      a. Statements of specific services to be provided.
      b. Specific language dealing with finances.
      c. Specific records to be maintained.
      d. Specific language regarding duration, modification, or termination of agreement.
      e. Specific language regarding legal contingencies.
      f. Stipulation as to management and control of personnel.
      g. Specific arrangements for the use of equipment and facilities.
      h. Procedures for review and revision, if needed, of the agreements.

   3. The Chief of Police will review each completed agreement to verify that services agreed to were provided.

      a. A description of the services to be provided will be listed.

(1) The description should identify the nature and extent of the services.

(2) When planning for the services, consideration shall be given for equipment, facilities, activities, ordinance enforcement, and scheduling.

(3) All costs will be listed. In most cases, the costs will generally be wages only. Salaries agreed upon will be based on the hourly wage of the employee(s) involved plus fringe benefits. The burden of the costs will be stipulated in the agreement. Any other anticipated costs will be listed. Generally, there will not be other costs due to the limited nature of agreements anticipated.

4. If the SCMPD does enter into a City approved contractual agreement, the appropriate records will be maintained in the Office of the Chief of Police.

   a. Within the agreement there will be specific language addressing the duration, modification, and termination of contract. Duration and termination of the contract are to be found in the agreement.

   b. Modification and/or agreement legal contingencies should be described in the contract.

5. The SCMPD will maintain complete control of its personnel and equipment. While working as the result of a contract, Officers are under the employment, control, and direction of the SCMPD. Any legal contingencies included while under a contract will be assumed and handled as normal responsibilities of the SCMPD.

6. While performing contractual police services, Officers will be working as employees of the SCMPD. [CALEA 3.1.2]

   a. They will be under the direct supervision of the on-duty Watch Commander of the absence of a Supervisor assigned to the contractual services detail.

   b. Any specific arrangements for the use of equipment and facilities will be listed in the contract.

   c. The City Attorney will review each proposed agreement to verify that services agreed to were provided, forwarding recommendations to the Chief of Police.

C. Employment rights of personnel assigned under the contact for law enforcement services will be the same as those rights retained in their regular duties and assignments. [CALEA 3.1.2]

## VIII. E-911 COMMUNICATIONS

A. The SCMPD will enter into Memorandums of Understanding for Communications Services with agencies that receive full-time E911 Public Service Answering Point (PSAP) services and 911 dispatching services from the SCMPD.

B. Employment rights of personnel assigned under the Memorandum for Understanding for Communications Services will be the same as those rights retained in their regular duties and assignments.

C. While performing Memorandums of Understanding for Communications Services, Communications personnel will be working as employees of the SCMPD.

This Order supersedes and replaces all other written directives issued prior to the last revision date, pursuant to Jurisdiction and Interagency Relations.

BY ORDER OF:

Original Signature on File

Joseph H. Lumpkin Sr.
Chief of Police

# Case Information

## Nash N Tuten vs City of Savannah; and Denise L Cooper
SPCV23-01386-CO

**Location**
Chatham County - Superior Court

**Case Category**
Civil

**Case Type**
Tort - Personal Injury

**Case Filed Date**
12/4/2023

**Judge**
Colbert, Lisa Goldwire

**Case Status**
Open (Open)

## Parties [3]

| Type | Name | Nickname/Alias | Attorneys |
|---|---|---|---|
| Plaintiff/Petitioner | Nash N Tuten | | Pro Se |
| Defendant/Respondant | City of Savannah | | Pro Se |
| Defendant/Respondant | Denise L Cooper | | Pro Se |

## Events [5]

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 12/4/2023 | Filing | SMS | City of Savannah; Denise L Cooper | summons.pdf |
| 12/4/2023 | Filing | C32 | | 3.2.pdf |
| 12/4/2023 | Filing | CPF | Claim for Damage, Injury or Death with Exhibits | claim.pdf |
| 12/4/2023 | Filing | CFF | | case.pdf |
| 12/4/2023 | Filing | FDSP | Proposed | dispo.pdf |

© 2023 Tyler Technologies, Inc. | All Rights Reserved
Version: 2023.10.0.88


EMPOWERED BY
TYLER TECHNOLOGIES

# Case Information

## Nash N. Tuten v. City of Savannah

SPCV22-00440-CO

**Location**
Chatham County - Superior Court

**Case Category**
Civil

**Case Type**
Tort - Product Liability

**Case Filed Date**
4/13/2022

**Judge**
Lisa Colbert

**Case Status**
Open (Open)

## Parties 2

| Type | Name | Nickname/Alias | Attorneys |
|---|---|---|---|
| Plaintiff/Petitioner | Tuten, Nash Newbill | | Pro Se Pro Se |
| Defendant/Respondant | City of Savannah | | Pro Se Pro Se |

## Hearings 3

| Date/Time | Hearing Type | Judge | Location | Result |
|---|---|---|---|---|
| 12/15/2022 03:30 PM | Show Cause Hearing | Colbert, Lisa Goldwire | Courtroom 2C | |
| 2/14/2023 10:00 AM | Motion Hearing | Colbert, Lisa Goldwire | Courtroom 2A | Canceled - Other (Please note reason) |
| 2/14/2023 10:00 AM | Motion Hearing | Colbert, Lisa Goldwire | Livestream Only | |

## Events



© 2023 Tyler Technologies, Inc. | All Rights Reserved
Version: 2023.10.0.88

EMPOWERED BY
TYLER TECHNOLOGIES

JailATM.com – Chatham County Jail
Inmate DIN ID# 2020090246
Inmate full name NASH M. Tutor
928 Peachtree St. NE  Box 2062
Atlanta, Georgia  30309

UNITED STATES DISTRICT COURT
Clerk of District Court
JOHN TR...
P.O. BOX 8286
SAVANNAH GA. 31412

RECEIVED
U.S. Marshals Service
Savannah Georgia

